Joseph SCARLETT et al.,

v.

The CITY OF ATLANTA, GEORGIA.

Civ. A. No. 12247.

United States District Court
N. D. Georgia,
Atlanta Division.

Dec. 8, 1969.

---

3. See footnote 2, *supra*.

John K. Calhoun, Atlanta, Ga., for plaintiffs.

Henry L. Bowden, Robert S. Wiggins, Atlanta, Ga., for defendant.

## ORDER

EDENFIELD, District Judge.

Plaintiffs, homeowners in the immediate vicinity of Atlanta Municipal Airport, have filed a motion for summary judgment against the City of Atlanta and a motion to strike the City's response to the summary judgment motion. These motions may be treated together, for purposes of this order.

Plaintiffs are residents of homes on both sides of Pine Street in Clayton County, Georgia, allegedly in direct line with the eastward projection of runway 9R–27L of the Atlanta Municipal Airport. The gravamen of their complaint is that due to the resultant noise, odors, and pollution from landings and takeoffs of planes onto and from runway 27L, at extremely low levels over their homes, there has been a "taking" of their property under the Fifth Amendment, for which just compensation is due.

In support of their summary judgment motion, plaintiffs state that they are only 17 to 42 feet from the projection of the center line of the runway, that hundreds of flights per day pass over their homes, and that they are in a noise sensitivity zone considered by the Federal Aviation Agency to be incompatible with single-family private residential use. The plaintiffs by deposition have testified to the adverse effects the overflights have on the use and value

of their homes and to the height of the airplanes on landing and takeoff as they pass over plaintiffs' residences.

Defendant urges, among other grounds, that there has been no taking of plaintiffs' property, since their value has increased. Moreover, defendant contends that the airplanes are 1200 to 1500 feet aboveground when they pass over plaintiffs' property and that there can be no taking at such heights. Defendant supports its factual contentions with affidavits from real estate appraisers and pilots.

Plaintiffs' motion for summary judgment, under Rule 56 of the Federal Rules of Civil Procedure, can be granted only if there is "no genuine issue as to any material fact." Georgia, Southern & Florida R. R. v. United States Casualty Co., 177 F.Supp. 751 (M.D.Ga.1959). Defendant must be given the benefit of all reasonable doubts in determining whether a genuine issue of fact exists. Heyward v. Public Housing Administration, 238 F.2d 689, 696 (5th Cir. 1956). *See, generally,* 6 Moore, Federal Practice (2d ed.), § 56.04.

The instant case is not appropriate for summary judgment at this time because of disputed questions of material fact.

■■ The ultimate question in this case is whether the overflights have rendered plaintiffs' property undesirable and unbearable for residential use. If so, an air easement has been created for which the City, as operator of the airport, would have to pay just compensation, Griggs v. Allegheny County, 369 U.S. 84, 82 S.Ct. 531, 7 L.Ed.2d 585 (1962), even though there has been no physical contact with the land. Notarian v. Trans-World Airlines, Inc., 244 F.Supp. 874 (W.D.Pa.1965); Highland Park, Inc. v. United States, 161 F.Supp. 597, 142 Ct.Cl. 269 (1958); Herring v. United States, 162 F.Supp. 769, 142 Ct. Cl. 695 (1958). In making a determination on this ultimate question, several key factual items must coalesce, which are in doubt in the instant action.

First, there is a dispute over the effect of the flights on the value of the property. United States v. Causby, 328 U.S. 256, 259, 66 S.Ct. 1062, 90 L.Ed. 1206 (1946). Plaintiffs in their depositions give laymen's conclusions that their property has been rendered valueless by the overflights. Defendant, on the other hand, has introduced expert testimony to the effect that houses on Pine Street have appreciated in value, rather than depreciated. In addition, it appears that at least two of the plaintiffs purchased their homes long after the alleged taking began, in December, 1964, yet paid approximately the same purchase price as the other plaintiffs, indicating no depreciation in value. This creates an important issue of fact. As one court put it, "a subsequent loss in property value may be an essential factor in determination of a * * * taking." Avery v. United States, 330 F.2d 640, 643, 165 Ct.Cl. 357 (1964).

Second, the altitude of the planes when over plaintiffs' property is in vigorous dispute. Plaintiffs, in their depositions, state, in conclusory terms, altitudes different than those mentioned by defendant. Aaron v. United States, 311 F.2d 798, 160 Ct.Cl. 295 (1963); Matson v. United States, 171 F.Supp. 283, 145 Ct.Cl. 225 (1959). It is *low* altitude flights which, under certain circumstances, may constitute a taking. Jankovich v. Indiana Toll Road Commission, 379 U.S. 487, 491, 85 S.Ct. 493, 13 L.Ed.2d 439 (1965). But see Town of East Haven v. Eastern Airlines, Inc., 282 F.Supp. 507, 514 (D.Conn.1968).

■ Third, "flights over private land are not a taking, unless they are so low and so frequent as to be a direct and immediate interference with the enjoyment and use of the land." United States v. Causby, supra, 328 U.S. at 266–267, 66 S.Ct. at 1068. The interference must be substantial, not merely consequential, and this is a matter of degree. Mosher v. City of Boulder, Colorado, 225 F.Supp. 32 (D.Colo.1964); City of Newark v. Eastern Airlines,

Inc., 159 F.Supp. 750, 760 (D.N.J.1965); Bennett v. United States, 266 F.Supp. 627 (W.D.Okl.1965); American Airlines, Inc. v. Town of Hempstead, 272 F.Supp. 226, 231 (E.D.N.Y.1967). In our modern jet age, certain inconveniences must be borne, unhappily, as a price of progress. Leavell v. United States, 234 F.Supp. 734 (E.D.S.C.1964). Only when that progress directly and substantially impinges on individual rights do the courts intervene. The inconvenience or damage suffered must become extensive or oppressive before a "taking", compensable under the Fifth Amendment, will be found. United States v. 3276.21 Acres of Land (Miramar), 222 F.Supp. 887, 891 (S.D.Cal. 1963); United States v. Causby, supra, 328 U.S. at 266–267, 66 S.Ct. 1062. Such a finding is difficult to make on a cold record. The court must determine the degree of annoyance and interference, from such considerations as those mentioned above, in addition to others such as the frequency of the overflights and the noise level created over the property. Jensen v. United States, 305 F.2d 444, 158 Ct.Cl. 333 (1962). In the instant action these factors are sufficiently in doubt to merit denial of summary judgment. *E.g., contrast* Cerny and Ivey decible noise study for Pine Street with Rentzspie affidavit.

Thus, as one court put it in words applicable here:

" * * * [T]he court is of the opinion that the issue for decision is whether or not the interference with plaintiff's property is so substantial as to be a taking, and thus compensable under the Fifth Amendment to the Federal Constitution, or of such a lesser character as to make the interference only a consequential damage. This being a factual dispute in the setting of this case, the motion for summary judgment must be denied.

* * * * * *

" * * * [T]he courts have, in each instance, looked to the evidence to see the *extent of the interference* and have announced that if it is so great as to constitute a wholly unreasonable and substantially destructive interference with the property involved, a taking will be found." United States v. Certain Parcels of Land in Kent County, Mich., 252 F.Supp. 319, 321, 323 (W.D.Mich.1966). (Emphasis added.)

Plaintiffs, as a matter of law, are not entitled to summary relief on the present record. For this reason, their motion for summary judgment and motion to strike the defendant's response are denied.